B. McKay Mignault, Chief Bankruptcy Judge
United States Bankruptcy Court

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| IN RE:<br><br>EASTERN VAULT COMPANY, INC., *et al.*,<br><br>Debtors. | CASE NO. 1:24-bk-10025<br><br>CHAPTER 7<br>Asset<br><br>JUDGE B. MCKAY MIGNAULT |
| ROBERT L. JOHNS,<br><br>Plaintiff,<br><br>v.<br><br>GPP 1201 BISCAYNE LLC,<br><br>Defendant. | ADVERSARY PROCEEDING<br>CASE NO. 1:26-ap-01060 |

**MEMORANDUM OPINION AND ORDER**

---

Pending is the *Motion to Dismiss the Amended Complaint Pursuant to Fed. R. Civ. P[.] 12(b)* [dkt. 10] (the "Motion"), filed by Defendant GPP 1201 Biscayne LLC (the "Defendant"), the response in opposition thereto [dkt. 17] (the "Response"), filed by Plaintiff Robert L. Johns (the "Trustee") in his capacity as Chapter 7 Trustee for the jointly administered estates of Eastern Vault Company, Inc. (collectively, the "Debtors"), and the Defendant's reply thereto [dkt. 18]. The Trustee's Amended Complaint [dkt. 6] asserts claims for avoidance of certain transfers under 11 U.S.C. §§ 547, 548, and 549; recovery of such transfers pursuant to 11 U.S.C. § 550; and disallowance of claims under 11 U.S.C. § 502.

A hearing was held on the Motion on September 2, 2026 (the "Hearing"), at which the Court heard argument and took the Motion under advisement. All briefing having been

completed, the matter is now ripe for adjudication. For the reasons stated herein, the Motion is **DENIED in part and GRANTED in part**. The Motion is **DENIED** as to Counts I and IV. The Motion is **GRANTED** as to Counts II, III, and V, and those claims are **DISMISSED without prejudice**. If the Trustee wishes to pursue the claims set forth in Counts II, III, and V, he must file a motion to amend, along with a draft second amended complaint, by no later than **fourteen (14) days** after the entry of this Order.

## BACKGROUND

The Amended Complaint alleges as follows. The Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code on April 9, 2024 (the "Petition Date").[1] Am. Compl. ¶ 6. As of the Petition Date, the Debtors maintained bank accounts at S&T Bank. *Id.* ¶ 7. During the ninety days before the Petition Date, that is, between January 9, 2024, and April 8, 2024 (the "Preference Period"), the Debtors "continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfer, direct deposits, or otherwise to certain entities." *Id.* ¶ 8. Debtor Precast Supply Co., Inc. ("Precast") made two transfers "of an interest of its property to or for the benefit of Defendant" during the Preference Period: (1) a $42,483.00 ACH payment on February 1, 2024; and (2) a $42,483.00 ACH payment on February 29, 2024 (collectively, the "Transfers"). *Id.* ¶ 10; *id.*, Ex. A.

The Trustee "acknowledges that some of the Transfers might be subject to defenses under Bankruptcy Code section 547(c), for which Defendant bears the burden of proof under Section 547(g)." *Id.* ¶ 14. The Trustee has "conducted reasonable due diligence in the

---

[1] The Debtors in these Chapter 7 cases are Eastern Vault Company, Inc., No. 1:24-bk-10025; MST Concrete Products, Inc., No. 1:24-bk-10026; Seminole Precast, LLC, No. 1:24-bk-10027; Dellinger Precast, Inc., No. 1-24-bk-10028; Winchester Building Supply Company, Inc., No. 1:24-bk-10029; and Precast Supply Co., Inc., No. 2:24-bk-20074. These cases have been consolidated for procedural purposes only. *See* No. 1:24-bk-10025, dkt. 391.

circumstances of the case and taken into account Defendant's known or reasonably knowable affirmative defenses under section 547(c)." *Id.* ¶ 15. Because the Trustee is "without the benefit of an operational debtor," he "has been unable to obtain all records necessary to perform a complete analysis of Defendant's potential defenses under the circumstances." *Id.* The Trustee nonetheless alleges that there is evidence to dispute an ordinary course of business defense, asserting that the Debtors' records show varying payment dates, including late payments, in addition to on-time-to-early payments in the days leading up to the sale of the Debtors' assets and the filing of the Chapter 7 petitions. *Id.* ¶ 16. The Trustee is still seeking documents and information from third parties and the Defendant concerning the Defendant's potential defenses. *Id.* ¶ 17.

The Amended Complaint asserts the following five claims for relief: avoidance of preferential transfers under 11 U.S.C. § 547 (Count I); avoidance of fraudulent transfers under 11 U.S.C. § 548 (Count II); avoidance of unauthorized postpetition transfers under 11 U.S.C. § 549 (Count III); recovery of avoided transfers under 11 U.S.C. § 550 (Count IV); and disallowance of claims under 11 U.S.C. § 502 (Count V). *Id.* ¶¶ 18-43. The Defendant's Motion sets forth two arguments for dismissal: first, that the Amended Complaint does not contain sufficient factual allegations to state a claim under 11 U.S.C. §§ 547, 548, 549, or 502, and second, that the Amended Complaint does not relate back to the filing of the original Complaint and is therefore barred by the statute of limitations established in 11 U.S.C. § 546(a).

**STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal where the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b). To survive a motion to dismiss, the complaint must contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "When evaluating a motion to dismiss, the court must: (1) construe the complaint in a light favorable to the plaintiff, (2) take factual allegations as true, and (3) draw all reasonable inferences in favor of the plaintiff." *City of Fairmont v. Chrisite (In re Comvest Ltd., Inc.)*, No. 10-BK-838, Adv. No. 13-AP-41, 2014 Bankr. LEXIS 5073, at *5, 2014 WL 7330486, at *2 (Bankr. N.D.W. Va. Dec. 18, 2014). "The court's role in ruling on a motion to dismiss is not to weigh the evidence, but to analyze the legal feasibility of the claim." *Id.*, 2014 Bankr. LEXIS 5073, at *5-6, 2014 WL 7330486, at *2.

## DISCUSSION

### I. Count I adequately alleges a preference claim under § 547.

The Amended Complaint alleges that the Transfers are avoidable as preferential transfers under § 547(b). There are five elements to a § 547(b) claim. A trustee may avoid any transfer of an interest of the debtor in property —

> (1) to or for the benefit of a creditor;
>
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
> (3) made while the debtor was insolvent;
>
> (4) made—
>
> (A) on or within 90 days before the date of the filing of the petition; or
>
> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>
> (5) that enables such creditor to receive more than such creditor would receive if—
>
> (A) the case were a case under chapter 7 of this title;
>
> (B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

The Defendant argues that the Amended Complaint lacks sufficient factual allegations to state a § 547(b) claim. According to the Defendant, those pleading deficiencies include a lack of: (1) facts describing commercial dealings between the Defendant and the Debtors; (2) facts explaining why the Transfers were made; (3) facts showing that the Debtors had an interest in the property; (4) facts supporting whether any of the Debtors initiated the Transfers; (5) facts identifying the Defendant as the recipient of the Transfers; (6) facts suggesting that the Defendant is or was a creditor of the Debtors; and (7) facts supporting the existence, nature, or amount of an antecedent debt. Mot. at 10-11.

The Defendant's arguments fail for two reasons. First, several of the purported pleading deficiencies, such as the absence of factual allegations describing the parties' broader commercial dealings and allegations explaining why the Transfers were made, are not independent elements of a § 547(b) claim. *See* 11 U.S.C. § 547(b); *Zucker v. Wesbanco Bank, Inc. (In re Fairmont Gen. Hosp., Inc.)*, 546 B.R. 659, 664 (Bankr. N.D.W. Va. Feb. 25, 2016) (setting forth the five elements of a § 547(b) claim). Second, even assuming the factual allegations purportedly lacking are required elements, the Amended Complaint adequately addresses each of them. It alleges that the Defendant provided "goods and/or services to the Debtors for which the Debtors were obligated to pay." Am. Compl. ¶ 22. It further alleges that the Transfers constituted an interest in Precast's property, were made by Precast to the Defendant, and were paid from the Debtors' bank accounts. *Id.* ¶¶ 19-21. The Amended Complaint also alleges that the Defendant was a creditor by virtue of providing goods and/or services to the Debtors, that the Transfers reduced or satisfied debts owed to the Defendant, and that those debts predated the Transfers. *Id.*

¶¶ 22-24. And it specifically identifies the challenged Transfers, including their respective dates (February 1, 2024, and February 29, 2024) and amounts ($42,483.00 each). *Id.*, Ex. A. In sum, the Defendant's arguments either impose elements beyond those required by § 547(b) or disregard factual allegations in the Amended Complaint. Neither warrants dismissal.

Next, the Defendant argues that the Amended Complaint fails to adequately allege that the Trustee engaged in reasonable due diligence and considered the Defendant's reasonably knowable defenses. This argument also fails. Section 547(b) provides that the Trustee must conduct "reasonable due diligence" into the "circumstances of the case" and take into account a defendant's "known or reasonably knowable affirmative defenses under subsection (c)." This introductory language was added to the Bankruptcy Code in 2020, and "a split has developed as to whether the provision constitutes a new element of the § 547(b) cause of action or if the absence of due diligence is an affirmative defense that should not be considered at the motion to dismiss stage." *Robichaux v. The Moses H. Cone Mem'l Hosp. Operating Corp. (In re Randolph Hosp., Inc.)*, 644 B.R. 446, 462 (Bankr. M.D.N.C. 2022). This Court recently acknowledged the split in authority in *Johns v. Phoenix Executive Services*, concluding that it did not need to decide the issue because the complaint contained allegations "sufficient to infer that due diligence has been conducted regardless of whether [§ 547(b)] creates a new element." *Johns v. Phoenix Exec. Servs., LLC (In re Eastern Vault Co., Inc.)*, No. 1:24-bk-10025, Adv. No. 1:26-ap-01002, 2026 Bankr. LEXIS 2092, at *16-17, 2026 WL 2425649, at *5 (Bankr. S.D.W. Va. Aug. 18, 2026).

The same is true here. The Amended Complaint does more than just recite the introductory sentence of § 547(b). In addition to generally alleging that the Trustee "conducted reasonable due diligence" and took "into account Defendant's known or reasonably knowable affirmative defenses under section 547(c)," the Amended Complaint also alleges that the Trustee

reviewed the Debtor's records to evaluate an ordinary course of business defense. Am. Compl. ¶¶ 15-16. Specifically, the Trustee alleges that the Debtor's records "show varying payment dates, including multiple late payments, as well as on-time-to-early payments in the days leading into the sale of the Debtor's assets and the filing of its chapter 7 case" and that there is "evidence to dispute" an ordinary course of business defense. *Id.* ¶ 16. The Trustee further alleges that he is "still obtaining documents from third parties" and "seeking documents and information from Defendant specifically related to Defendant's defenses." *Id.* ¶ 17. These allegations are sufficient under § 547(b). *See, e.g.*, *Phoenix*, 2026 Bankr. LEXIS 2092, at *17, 2026 WL 2425649, at *5 (holding that the trustee adequately pleaded due diligence where the complaint alleged that he reviewed the "information provided by the Defendant and evaluated the ordinary course defense"); *Randolph Hosp.*, 644 B.R. at 462 (finding that the plaintiff adequately pleaded due diligence where the complaint alleged that the trustee "determined he may avoid the subject transfers 'after reviewing his records' and evaluating the reasonably knowable affirmative defenses with due diligence"); *Ctr. City Healthcare, LLC v. McKesson Plasma & Biologics LLC (In re Ctr. City Healthcare, LLC)*, 641 B.R. 793, 802 (Bankr. D. Del. 2022) (finding that the plaintiff adequately pleaded due diligence where the complaint alleged "that the Debtors conducted an analysis of the Transfers made to the Defendants during the Avoidance Period and whether they were protected from avoidance by any applicable defense").

In its reply, the Defendant attempts to develop, for the first time, an ordinary course defense under § 547(c)(2). It is well-settled that a party waives an argument by raising it for the first time in a reply brief. *Clendening v. United States*, 19 F.4th 421, 430 n.7 (4th Cir. 2021). But even if the Defendant had not waived this argument, it would still be unsuitable for resolution on a motion to dismiss. Section 547(c)(2) provides that "to the extent that such transfer was in

payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee," a trustee may not avoid a transfer if it was "(A) made in the ordinary course of business or financial affairs of the debtor and the transferee; or (B) made according to ordinary business terms." "The defenses are stated in the alternative in the Code—either the subjective defense (ordinary course between the parties) or the objective defense (according to ordinary business terms) will suffice to avoid liability." *Meiburger v. Reston Hosp. Ctr. (In re Twin Contracting Corp.)*, 582 B.R. 400, 405 n.3 (Bankr. E.D. Va. 2017).

Because § 547(c)(2) is an affirmative defense, the Defendant bears the burden of proof. *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). "It follows, therefore, that a motion to dismiss filed under Federal Rule of Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense[.]" *Id.* Only "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint" may the defense "be reached by a motion to dismiss filed under Rule 12(b)(6)." *Id.*; *see Phoenix*, 2026 Bankr. LEXIS 2092, at *20-22, 2026 WL 2425649, at *6 (holding that ordinary course of business defense was not suitable for resolution on a motion to dismiss).

Like *Phoenix*, this is not one of those rare cases. The Defendant argues that the Transfers were made according to "ordinary business terms," apparently relying on § 547(c)(2)(B). Reply at 2. In analyzing this defense, the Court "must consider the industry standards of both the debtor and its creditors." *Hutson v. Branch Banking & Tr. Co. (In re Nat'l Gas Distribs., LLC)*, 346 B.R. 394, 404 (Bankr. E.D.N.C. 2006). The Defendant addresses neither, asserting only that "the payments at issue were ordinary rent payments made by the Debtor via ACH for rent due on the first day of the month." Reply at 2. But this argument goes to the parties' course of dealing, not prevailing industry standards. *See Pryor v. N.Y. State Dep't of Tax'n & Fin. (In re Waring)*,

491 B.R. 324, 334 (Bankr. E.D.N.Y. 2013) (rejecting ordinary course defense under § 547(c)(2)(B) where the defendant's argument went "to the parties' course of dealing" and "not to the prevailing industry standards"); *Wilson v. Wheeler (In re Green Valentine, Inc.)*, No. 05-2642 B, 2006 U.S. Dist. LEXIS 70624, at *14, 2006 WL 2827061, at *5 (W.D. Tenn. Sept. 28, 2006) (reversing the bankruptcy court's finding that § 547(c)(2)(B) was satisfied where the defendant failed to present evidence of industry standards). And even if the Defendant had addressed prevailing industry standards, its argument would still fail because the Trustee is not required to preemptively plead around a potential ordinary course defense. *See Phoenix*, 2026 Bankr. LEXIS 2092, at *21, 2026 WL 2425649, at *6 (holding that the trustee was not required to plead facts negating a potential ordinary course defense); *Brandt v. Suntrust Leasing Corp. (In re Equip. Acquisition Res., Inc.)*, No. 09 B 39937, Adv. No. 11 A 02201, 2012 Bankr. LEXIS 6087, at *14, 2012 WL 4754949, at *5 (Bankr. N.D. Ill. Sept. 28, 2012) (holding that the "[p]laintiff is not required to preemptively plead facts negating the ordinary course defense"). For all of these reasons, dismissal based on the Defendant's purported ordinary course defense is inappropriate at this stage of the litigation.

## II. Count II fails to adequately allege a fraudulent transfer claim under § 548.

The Amended Complaint also alleges that the Transfers are avoidable under § 548(a)(1)(B) as fraudulent transfers. Section 548(a)(1)(B) provides, in relevant part, that the Trustee may avoid any transfer of an interest of the debtor in property made within two years before the date of the filing of the petition, if the debtor voluntarily or involuntarily

> (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>
> (ii)

> (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
>
> (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; [or]
>
> (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured[.]

11 U.S.C. § 548(a)(1)(B).

The Trustee's Amended Complaint merely recites the elements of a fraudulent transfer claim, without alleging facts that would support such a claim. *See* Am. Compl. ¶ 30. Most glaring, the Amended Complaint does not contain allegations showing that the Debtors received less than reasonably equivalent value for the Transfers. This is insufficient to state a claim. *See Phoenix*, 2026 Bankr. LEXIS 2092, at *23, 2026 WL 2425649, at *7 (dismissing similar allegations under § 548(a)(1)(B) without prejudice); *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

The Trustee counters that the fraudulent transfer claim is an alternative claim and that pleading in the alternative is permissible. While this is true, alternative claims still must satisfy the Supreme Court's pleading requirements. *See Reina v. Twp. of Union*, No. 13-659 (SRC), 2013 U.S. Dist. LEXIS 103406, at *3, 2013 WL 3864051, at *1 (D.N.J. July 24, 2013) ("Yes, pleading in the alternative is permissible, but each alternative claim must nonetheless meet the Supreme Court's pleading requirements."); *see also Marina One, Inc. v. Jones*, 22 F. Supp. 3d 604, 609 (E.D. Va. 2014) ("Plaintiffs are entitled to plead alternative claims for relief so long as each is independently supported by sufficient facts."). The Trustee's fraudulent transfer claim does not satisfy those pleading requirements here.

### III. Count III fails to state a claim for avoidance of unauthorized postpetition transfers under § 549.

Count III, which asserts a claim for avoidance of unauthorized postpetition transfers under § 549, fails for similar reasons. To avoid transfers under § 549, the Trustee must plead facts establishing the following elements: (1) that a transfer of estate property has occurred; (2) that the transfer occurred postpetition; and (3) that the transfer was not authorized by the Court or the Bankruptcy Code. *See Waldron v. Weltman (In re Bennett)*, No. 09-36637, Adv. No. 10-3154, 2010 Bankr. LEXIS 3260, at *7, 2010 WL 3724798, at *2-3 (Bankr. S.D. Tex. Sept. 16, 2010); *see also Hankin v. Mersey Mold & Model Co. (In re Countryside Manor, Inc.)*, 239 B.R. 443, 446 (Bankr. D. Conn. 1999) (holding that the elements of an avoidance action under § 549 are "that there was an unauthorized post-petition transfer of property of the estate"). The Amended Complaint asserts that, "to the extent" that the Transfers "cleared the Debtors' Bank Account(s) *after* the Petition Date," they were not authorized by the Court or the Bankruptcy Code and are thus avoidable under § 549. Am. Compl. ¶ 33 (emphasis added). Yet the facts alleged in the Amended Complaint show the opposite: that the Transfers were made *prepetition*, on February 1, 2024, and February 29, 2024. The Amended Complaint does not allege that the payments actually cleared after the Petition Date; nor does it allege a postpetition date on which any transfer occurred. It therefore fails to state a claim under § 549, and, contrary to the Trustee's assertion, alternative pleading does not change this result. *See supra* at 10.

### IV. The Motion does not provide a basis for dismissal of the Trustee's claim under § 550 (Count IV).

Count IV seeks recovery of avoided transfers under § 550. The Defendant's Motion includes a section heading titled "Plaintiff Fails to Allege Facts Supporting the Remaining Counts II-V." Mot. at 14. But the Motion skips over Count IV entirely and fails to assert any argument

for dismissal of this claim. *See* Mot. at 15 (addressing only Counts II, III, and V). Because the Defendant's argument as to Count IV is undeveloped and unsupported by authority, the Court declines to consider it as a basis for dismissal. *See, e.g.*, *Morris v. City of Rockford*, No. 3:20-cv-50384, 2022 U.S. Dist. LEXIS 187306, at *16, 2022 WL 7498364, at *6 (N.D. Ill. Oct. 13, 2022) (declining to consider a one-sentence argument in the introductory portion of a motion to dismiss); *Bell v. Colvin*, No. 15-cv-48-bbc, 2015 U.S. Dist. LEXIS 155711, at *20, 2015 WL 7294553, at *6 (W.D. Wis. Nov. 18, 2015) ("As a general rule, a court need not consider perfunctory and undeveloped arguments or arguments that are unsupported by pertinent authority.").

**V. Count V fails to state a claim for disallowance or reconsideration of a claim under § 502.**

In Count V, the Trustee seeks the disallowance and reconsideration of claims pursuant to 11 U.S.C. §§ 502(d) and (j), respectively. Section 502(d) provides that

> the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

11 U.S.C. § 502(d). Section 502(j) provides that a claim that has previously been allowed or disallowed may be reconsidered for cause. 11 U.S.C. § 502(j).

The Amended Complaint alleges that because the Defendant has not paid the amount of the avoidable Transfers, any of its claims must be disallowed. Am. Compl. ¶ 42. It further alleges that any of the Defendant's "previously allowed" claims must be "reconsidered and disallowed." *Id.* ¶ 43. The Defendant counters that because it has not filed a proof of claim, the Trustee's causes of action under §§ 502(d) and (j) must fail.

The Court agrees with the Defendant. The Fourth Circuit has held that a court may "only disallow a claim after one has been filed" under § 501(a). *Durham v. SMI Indus. Corp.*, 882 F.2d 881, 883 (4th Cir. 1989); *see also In re Circuit City Stores, Inc.*, 426 B.R. 560, 570 (Bankr. E.D. Va. 2010) (citing *Durham* and stating that "the law in this Circuit is that § 502(d) can only be used to bar 'claims' where the 'claims' are filed under § 501(a)"). Other courts are in accord. *See, e.g.*, *Levey v. Hanson's Window & Constr., Inc. (In re Republic Windows & Doors, LLC)*, 460 B.R. 511, 519 (Bankr. N.D. Ill. 2011) (dismissing claims under §§ 502(d) and (j) because the defendant had not yet filed a proof of claim); *Maxwell Commc'n Corp. PLC v. Societe Gen. PLC (In re Maxwell Commc'n Corp. PLC)*, 186 B.R. 807, 824 (S.D.N.Y. 1995) ("§ 502 only applies to the allowance and disallowance of claims filed under 11 U.S.C. § 501."). Because the Court cannot disallow or reconsider a claim that has not yet been filed, the Amended Complaint fails to state a claim under §§ 502(d) or (j).

## VI. The Amended Complaint relates back to the original Complaint under Rule 15(c).

In addition to its pleading arguments, the Defendant asserts that the Amended Complaint does not relate back under Federal Rule of Civil Procedure 15(c) and is thus barred by the statute of limitations. Section 546(a) provides that

> [a]n action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
>
> (1) the later of—
>
> (A) 2 years after the entry of the order for relief; or
>
> (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
>
> (2) the time the case is closed or dismissed.

11 U.S.C. § 546(a).

The parties agree that the Trustee was required to bring the action within two years of April 9, 2024 (the Petition Date) under § 546(a). The parties also agree that the Trustee's original Complaint [dkt. 1], filed on April 8, 2026, was timely filed within this two-year period. Thus, the issue becomes whether the Trustee's Amended Complaint, filed on April 15, 2026, relates back to the original Complaint, where the original Complaint alleged a single transfer of $83,300.00 made on February 26, 2024, and the Amended Complaint alleges two separate transfers made on February 1, 2024, and February 29, 2024, totaling $84,996.00.

Federal Rule of Civil Procedure 15(c), made applicable to this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7015, allows for relation back when an amendment "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B); Fed. R. Bankr. P. 7015. In applying Rule 15(c), the Fourth Circuit has held that an amended complaint relates back to the original complaint if there is a factual nexus. *See Grattan v. Burnett*, 710 F.2d 160, 163 (4th Cir. 1983). If some factual nexus exists, Rule 15(c) is liberally construed to relate back to the original complaint if the defendant had notice of the claim and will not be prejudiced by the amendment. *See id.*

The Defendant cites to cases holding that each transfer in an avoidance action is a separate and distinct transaction. *See* Mot. at 16-17. These cases hold that an amendment does not relate back under Rule 15(c) unless the additional transfer was part of an underlying scheme or course of conduct. *See id.* (citing *The MAS Litig. Tr. v. Plastech Engineered Prods. (In re Meridian Auto. Sys.-Composite Operations, Inc.)*, No. 05-11168(MFW), Adv. No. 07-51196, 2007 Bankr. LEXIS 4081, at *12-13, 2007 WL 4322527, at *4-5 (Bankr. D. Del. Dec. 5, 2007); *Coan*

*v. O & G Indus., Inc. (In re Austin Driveway Servs., Inc.)*, 179 B.R. 390, 399 (Bankr. D. Conn. 1995)). But even these cases recognize that "[c]ourts have *also* permitted additional transfers to relate back where the language of the complaint was broad enough to capture the additional transfers or there was language which indicated an intent to recover and avoid all transfers." *Meridian*, 2007 Bankr. LEXIS 4081, at *13, 2007 WL 4322527, at *5 (emphasis added); *see also Siegel v. Sony Elecs., Inc. (In re Circuit City Stores, Inc.)*, 515 B.R. 302, 312 (Bankr. E.D. Va. 2014) (finding that $8 million preference payment omitted from original complaint related back where the original complaint indicated "an intention to challenge all transfers that may have been made during the preference period"); *Sikirica v. US Foods, Inc. (In re Damon's Intern., Inc.)*, 500 B.R. 729, 736 (Bankr. W.D. Pa. 2013) (finding that new transfers alleged in amended complaint related back and accepting the trustee's argument that "the language of the complaints which assert the Trustee's interest in pursuing all transfers made within the Preference Period sufficiently encompasses additional transfers not specifically identified"); *Pry v. Maxim Global, Inc. (In re Maxim Truck Co., Inc.)*, 415 B.R. 346, 354 (Bankr. S.D. Ind. 2009) ("While the Trustee's preference claim, as set forth in the Complaint, was arguably vague, it did put the Defendants on notice that *any* payment made by Debtor to them in the year preceding the bankruptcy case was at issue under § 547(b)." (emphasis in original)); *Grella v. Zimmerman (In re Art & Co., Inc.)*, 179 B.R. 757, 763 (Bankr. D. Mass. 1995) (finding that new transfers alleged in amended complaint related back where the trustee's original complaint alleged, "albeit in a nebulous fashion, that he was complaining of payments to the defendants throughout the course of their relationship").

The Court finds this line of cases persuasive here. The Trustee's original Complaint evidenced an intention to pursue all transactions during the 90-day Preference Period. *See* Compl. ¶ 9 ("Plaintiff . . . is seeking to avoid all of the transfers of an interest of the Debtors' property

made by the Debtors to Defendant within the Preference Period and subsequent to the Petition Date without Bankruptcy Code or Court authority therefor."); *id.* ¶ 12 ("It is Plaintiff's intention to avoid and recover all transfers made by the Debtors of an interest of the Debtors in property and to or for the benefit of Defendant . . . ."). Moreover, the original Complaint explicitly sought to avoid transfers "aggregating an amount *not less than* $83,300.00," further evidencing the Trustee's intention to challenge all transfers that may have been made during the Preference Period. *Id.* ¶ 10 (emphasis added); *see Circuit City*, 515 B.R. at 312 (holding that amended complaint related back where "the original Complaint sought to avoid preferential transfers 'in an amount *not less than* $192,482,117.46'" (emphasis in original)). It also alleged that the Trustee "may learn . . . of additional transfers made to Defendant during the Preference Period and/or subsequent to the Petition Date without Bankruptcy Code or Court authority therefor." Compl. ¶ 12; *see Sikirica*, 500 B.R. at 736 (finding amendment related back where the original complaint alleged that the trustee "may learn . . . of additional transfers made to Defendant during the Preference Period" and that his intention was "to avoid and recover all such transfers"). Finally, the amount sought to be avoided in the Amended Complaint is substantially similar to that sought to be avoided in the original Complaint, and the payments were made during the same time period to the same payee. *See Doe v. Porter-Gaud Sch.*, No. 2:22-cv-02093-DCN, 2023 U.S. Dist. LEXIS 253579, at *20, 2023 WL 12268418, at *7 (D.S.C. Oct. 17, 2023) (noting that relation back is proper when the amended complaint amplifies existing allegations or makes them more definite and precise by presenting additional facts). For all of these reasons, the Court finds a sufficient factual nexus between the original Complaint and the Amended Complaint and that the Defendant had fair notice that the Trustee was challenging payments throughout the entirety of the Preference Period. As

such, the Defendant's argument that the Amended Complaint is barred by the statute of limitations is without merit.

### VII. If the Trustee still wishes to pursue Counts II, III, or V, he must file a motion to amend and a proposed second amended complaint.

The Trustee's Response appears to request leave to amend if the Court finds any claim to be insufficiently pleaded. *See* Resp. at 21-22. But the Trustee has not filed a proposed second amended complaint; nor have the parties briefed the issue of whether amendment is appropriate. *See Phoenix*, 2026 Bankr. LEXIS 2092, at *23-24, 2026 WL 2425649, at *7 (denying request for leave to amend in plaintiffs' response brief and requiring the filing of a motion to amend and a proposed amended complaint); *Preferred Home Inspections, Inc. v. Bellsouth Telecomms., LLC*, No. 3:14-cv-00673-MBS, 2014 U.S. Dist. LEXIS 134983, at *31 n.10, 2014 WL 4793824, at *11 n.10 (D.S.C. Sept. 24, 2014) (denying request for leave to amend in plaintiffs' response brief because "a motion to amend [was] not before th[e] court"). If the Trustee still wishes to pursue a claim under § 548 (Count II), § 549 (Count III), or § 502 (Count V), then he must file a motion to amend and a proposed second amended complaint within **fourteen (14) days** of the entry of this Order.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the Motion is **DENIED** as to Counts I and IV; it is further

**ORDERED** that the Motion is **GRANTED** as to Counts II, III, and V, and those claims are **DISMISSED without prejudice**; and it is further

**ORDERED** that if the Trustee wishes to pursue the claims set forth in Counts II, III, and V, he must file a motion to amend, along with a draft second amended complaint, by no later than **fourteen (14) days** after the entry of this Order.

**It is so ORDERED.**